IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SONIA MOTT, | ) |
| | ) Case No. 21-cv-010 |
| Plaintiff, | ) |
| | ) Judge Dan Aaron Polster |
| v. | ) |
| | ) **OPINION & ORDER** |
| COMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

Before the Court are Magistrate Judge Amanda M. Knapp's Report & Recommendation ("R&R") and plaintiff Sonia Mott's objections to the R&R. ECF Docs. 19, 20. On January 5, 2021, Ms. Mott filed a complaint against the Commissioner of Social Security (the "Commissioner") to seek judicial review of the decision denying her application for Disability Insurance Benefits ("DIB"). ECF Doc. 1. Magistrate Judge Knapp prepared the R&R in accordance with 42 U.S.C. § 405(g) and Local Rule 72.2(b), and recommended the Court affirm the Commissioner's decision. Ms. Mott has objected to the R&R to challenge the administrative law judge's ("ALJ") constitutional authority and assessment of her DIB application. The Commissioner filed a brief in opposition to Ms. Mott's objections and asks the Court to adopt the R&R. ECF Doc. 23.

The Court has reviewed the record, the briefings, the R&R, Ms. Mott's objections, and the Commissioner's response. Because the Commissioner's decision to deny Ms. Mott's DIB was supported by substantial evidence, the Court overrules Mott's objections and adopts the R&R. Accordingly, the Court AFFIRMS the ALJ's decision and DISMISSES the case with prejudice.

## BACKGROUND

Ms. Mott filed an application for DIB on August 10, 2018. ECF Doc. 12 at 168-69. She alleged a disability onset date of March 6, 2018, and identified her disabling conditions, in relevant

part, as patella femoral syndrome (knee pain), fibromyalgia, and other symptoms associated with these conditions. *Id.* at 168-69, 300.

After Ms. Mott's application was denied initially and on reconsideration, she requested a hearing before an ALJ. *Id.* at 103-21. The hearing was held on April 23, 2020, and the ALJ heard testimony from Ms. Mott, who was represented by counsel, and from a vocational expert. *Id.* at 38-65.

The ALJ concluded Ms. Mott was not disabled in a written decision issued on May 27, 2020. *Id.* at 7-28. As relevant here, the ALJ determined Ms. Mott had several severe impairments, but none of her impairments, either alone or in combination, met or medically equaled the severity of the listed impairments. *Id*. at 13-18. Thus, Ms. Mott could:

> perform light work as defined in 20 C.F.R. § 404.1567(b) except for the following limitations: she can frequently climb ramps and stairs, but occasionally climb ladders, ropes, and scaffolds; she can frequently kneel, crouch, or crawl; she can have little to no interaction with the general public; and she requires relatively static routine tasks where changes can be explained.

*Id.* at 19-20. The ALJ further determined there were jobs within the national economy that Ms. Mott could perform. *Id.* at 22-24.

Ms. Mott then timely filed this action on January 5, 2021, after the ALJ's decision became final when the Appeals Council declined review. *Id.* at 1-6, 165-70. In her merits brief, Ms. Mott challenged not only the ALJ's assessment of her impairments, but also the ALJ's constitutional authority to adjudicate her claim. ECF Doc. 15 at 8-10. The R&R concluded Ms. Mott lacked standing to raise the constitutional issue because there was no traceability. ECF Doc. 19 at 21-29.

**STANDARD OF REVIEW**

This Court's review of the R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that

does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854-55 (6th Cir.2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Nor must the reviewing court necessarily agree with the Commissioner's determination in order to affirm it: "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854-55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of

the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (*quoting Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

## ANALYSIS

### A. The ALJ's Constitutional Authority

Ms. Mott first objects to the portion of the R&R that rejected her challenge to the ALJ's constitutional authority to adjudicate her claim. The Court concludes that this argument is without merit and overrules the objection for the following reasons.

Ms. Mott's argument is based on the unconstitutionality of 42 U.S.C. § 902(a)(3), which provides that the Commissioner is appointed for a six-year term and maybe removed from office only for cause. ECF Doc. 15 at 8-9; ECF Doc. 20 at 1-2. All agree that this removal provision violates the separation of powers to the extent that Congress stripped the President of the ability

to remove a high-ranking officer who assists with carrying out executive duties. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 848-49 (9th Cir. 2022) ("Claimant argues, and the Commissioner concedes, that the removal provision is unconstitutional."); *see also* ECF Doc. 17 at 6 (citing Constitutionality of the Commissioner of Social Security's Tenure Protection, 45 Op. O.L.C. ---, 2021 WL 2981542 (July 8, 2021)). This issue came into focus when former Commissioner Saul relied on Section 902(a)(3) to refuse President Biden's resignation request. *See Rives v. Comm'r of Soc. Sec'y*, 20-CV-2549, 2022 WL 681273, at *1 (N.D. Ohio Mar. 8, 2022).

However, from the accepted premise that the *removal* sub-section of the appointment statute is unconstitutional, Ms. Mott contends that the Commissioner's *appointment* was also unlawful. ECF Doc. 15 at 1, 8-9; ECF Doc. 20 at 1-2 (citing *Tafoya v. Kijakazi*, 21-CV-871, 2021 WL 3269640, at *5 (D. Colo. July 29, 2021)). In turn, the Commissioner could not lawfully delegate adjudicatory authority to the ALJs or the Appeals Counsel, and this voids the ALJ's adverse determination in Ms. Mott's case. *Id.*

Ms. Mott's appointment argument has been rejected by the Ninth Circuit in a recent decision, as well as by other judges within this District. *See Kaufmann*, 32 F.4th at 849-50; *Rives*, 2022 WL 681273 at *2-3; *Reese v. Kijakazi*, 20-CV-2385, 2022 WL 831122, at *3 (N.D. Ohio Mar. 21, 2022). As the Ninth Circuit articulated, the removal provision is severable from the remainder of the statute, which makes the Commissioner's appointment lawful and his delegation of authority to the ALJs appropriate. *Kaufmann*, 32 F.4th at 849-50 (citing *Collins v. Yellen*, 141 S. Ct. 1761, 1787-88 & n.23 (2021)). Thus, an aggrieved DIB applicant is entitled to a new hearing only if that applicant demonstrates "how the unconstitutional removal provision actually harmed the [applicant]—for example . . . if the agency's head 'might have altered his behavior in a way that would have benefited' the [applicant]." *Id.* (quoting *Collins*, 141 S. Ct. at 1787).

Therefore, Ms. Mott is not entitled to a new hearing because she was not harmed by the unconstitutional removal provision. Tellingly, Ms. Mott has not argued either that the ALJ would have reached a different decision had the Commissioner been removed or that the removal provision somehow influenced the ALJ's decision. Rather, Ms. Mott's only claim is that the ALJ's decision was void, but that argument has no support in the law. *See Collins*, 141 S. Ct. at 1787 ("Although the statute unconstitutionally limited the President's authority to *remove* the confirmed [officer], there was no constitutional defect in the statutorily prescribed method of appointment to that office . . . there is no reason to regard any of the actions taken by the [agency] in relation to [the policy] as void." (emphasis in original)).

Ms. Mott's inability to connect her injury to the removal provision also establishes that Magistrate Judge Knapp was correct to conclude Ms. Mott lacks standing to raise the constitutional challenge. As stated in the R&R, standing requires a plaintiff to trace her injury to the claimed error, but Ms. Mott cannot do so. *See* ECF Doc. 19 at 21-29.

Moreover, the objection to the R&R's standing determination does not overcome Magistrate Judge Knapp's thoughtful and thorough analysis of the issue. Ms. Mott posits that the analysis should have been governed by *Tafoya*, and Magistrate Judge Knapp erred by instead relying on *Collins*, which did not address social security benefits. ECF Doc. 20 at 1-2. While Ms. Mott is correct that *Tafoya* supports her position, that unpublished opinion has little persuasive authority because its reasoning has been resoundingly rejected by many other courts. Moreover, Magistrate Judge Knapp was correct to rely on *Collins*, as that case addressed the constitutional question at issue in an analogous context. Indeed, Justice Kagan's concurrence specifically considered the application of *Collins* to the social security context:

> Consider the hundreds of thousands of decisions that the Social Security Administration (SSA) makes each year. The SSA has a single head with for-cause

> removal protection; so, a betting person might wager that the agency's removal provision is next on the chopping block. But given the majority's remedial analysis, I doubt the mass of SSA decisions—which would not concern the President at all— would need to be undone. That makes sense. Presidential control does not show itself in all, or even all important, regulation. When an agency decision would not capture a President's attention, his removal authority could not make a difference[.]

*Collins*, 141 S. Ct. at 1802 (Kagan, J., concurring). Thus, Ms. Mott's attempt to distinguish *Collins* is misplaced.

In sum, the ALJ possessed the necessary authority to adjudicate Ms. Mott's claim, and Magistrate Judge Knapp correctly determined that Ms. Mott lacked standing to bring the constitutional challenge. The Court therefore overrules the objection to this portion of the R&R.

**B.** **The ALJ's Analysis**

Ms. Mott also objects to the R&R because it found that there was sufficient evidence to support the ALJ's assessment of her impairments, namely her gait, migraine headaches, and fibromyalgia. The Court has reviewed the record and the ALJ's opinion, and now overrules Ms. Mott's objections.

Turning to the first objection, Ms. Mott argues that the ALJ erred in concluding she had a generally normal gait and, thus, that she could stand and/or walk for six to eight hours a day. ECF Doc. 20 at 2-3. Ms. Mott specifically faults the ALJ for: (1) ignoring evidence which documented her ataxic gate and instead relying on State Agency findings that pre-dated her knee surgery; (2) disregarding her chiropractor's opinion, which stated that Ms. Mott had ongoing pain spasms; and (3) failing to consider how her combined knee pain and obesity affected her ability to sustain work at the light exertion level.

The Court has reviewed the record and determined that the ALJ's assessment of Ms. Mott's gait and her exertional abilities is supported by substantial evidence. As observed in the R&R, the ALJ did not misrepresent the evidence of Ms. Mott's gait: the ALJ not only cited a treatment visit

when Ms. Mott was observed with an ataxic gait, but also considered treatment visits that occurred after Ms. Mott's knee surgery on May 29, 2019. ECF Doc. 12 at 14 (citing Tr. pages 1068, 1070, 1075, 1092). Likewise, the ALJ had no obligation to consider the chiropractor's assessment of her muscles spasms or her ability to work. *See* 20 C.F.R. §§ 404.1520b(c)(3)(i), 404.1520c(d). And finally, the ALJ considered Ms. Mott's lack of secondary impairments and her reported daily activities when determining that her combined knee pain and obesity did not restrict her from light work. ECF Doc. 12 at 20-21 (citing Tr. pages 956-1019). Thus, while Ms. Mott may be able to point to record evidence that supports her position, the ALJ's assessment was still supported by substantial evidence. *See McClanahan*, 474 F.3d at 833. Accordingly, this objection is overruled.

Next, Ms. Mott objects to portion of the R&R which states that the ALJ was not obligated to rely on her personal assessment of her migraine headache frequency. ECF Doc. 20 at 2-3. According to Ms. Mott, the ALJ erred both by concluding that no acceptable source determined that her migraine headaches equaled a listing and by ignoring the treatment notes documenting persistent headaches. *Id.* (citing ECF Doc. 12 at 17, 570, 1075, 1078).

Again, the Court concludes that the ALJ's assessment of Ms. Mott's migraine headaches was supported by substantial evidence. In assessing her headaches, the ALJ specifically considered her neurologist's treatment notes but concluded that these notes were insufficient to establish a listing-level severe impairment. ECF Doc. 12 at 16-17 (citing Tr. pages 1070, 1075, 1078)). Moreover, the ALJ had no obligation to accept Ms. Mott's own allegations about the frequency of her migraine headaches as true. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). Thus, the ALJ did not err in concluding that Ms. Mott's statements "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record[.]" ECF Doc. 12 at 19. This conclusion is

accurate because, as the R&R points out, Ms. Mott's neurologist diagnosed her with tension headaches and that she was responding well to medication. ECF Doc. 19 at 44-45 (citing ECF Doc. 12 at 569, 573, 927-29, 938-41, 1078). Accordingly, the Court will not disturb the ALJ's findings, and the objection is overruled.

Finally, Ms. Mott's last objection is to the R&R's conclusion that the ALJ properly considered her fibromyalgia treatment. ECF Doc. 20 at 4. Ms. Mott asserts that the ALJ incorrectly concluded that she had stopped taking medication for fibromyalgia, when her medical records demonstrate that she discontinued one medicine due to side effect but used others to treat her symptoms. *Id.*

While Ms. Mott is correct that the ALJ misstated the nature of her fibromyalgia treatment, that error is harmless and does not require remand. *See Kornecky v. Comm'r of Soc. Sec'y*, 167 F. App'x 496, 507 (6th Cir. 2006). As the R&R correctly points out, Ms. Mott discontinued one treatment plan, but the ALJ did note that she effectively managed her fibromyalgia symptoms with other medications. ECF Doc. 12 at 20. The Court further observes that Ms. Mott's fibromyalgia treatment was just one portion of the ALJ's analysis, which also concluded that Ms. Mott lacked the necessary tender points. *Id.* at 15. Thus, the Court agrees with Magistrate Judge Knapp that, absent the ALJ's misstatement, the conclusion would still have been the same. ECF Doc. 19 at 49.

## **CONCLUSION**

For the reasons discussed above, the Court overrules Mott's objections to the R&R, which is hereby adopted. Because the Commissioner's decision to deny DIB is supported by substantial evidence, the Court **AFFIRMS** the ALJ's decision and **DISMISSES** the case, with prejudice.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster*
**Dan Aaron Polster**
**United States District Judge**